IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KYLE EVAN HORVAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-CV-623-WHA-CSC |
| | ) |
| STATE OF ALABAMA, et. al, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Horvat names the Alabama Department of Corrections, the State of Alabama and the Staton Correctional Facility as defendants in his Complaint filed October 19, 2022. (Doc. 2). The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Papasan v. Allain*, 478 U.S. 265 (1986) (holding that unless the State of Alabama consents to suit or Congress rescinds its immunity, a plaintiff cannot proceed against the State or its agencies as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").

> "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]." *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 S.Ct. 1632, 1637–38, 179 L.Ed.2d 675 (2011). "A State's consent to suit must be 'unequivocally expressed' in the text of [a] relevant statute." *Sossamon v. Texas*, 563 U.S. 277, 131 S.Ct. 1651, 1658, 179 L.Ed.2d 700 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). "Waiver may not be implied." *Id*. Likewise, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991)).

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015). Thus, neither the State of Alabama nor its agencies may be sued unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit. *Pugh,* 438 U.S. at 782, 98 S.Ct. 3057 (citing Ala. Const. art. I, § 14.)

*Selensky*, 619 F. App'x at 849. "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence,* Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)). Consequently, any claims lodged against the State of Alabama or its agencies are frivolous and subject to dismissal with prejudice. In light of the foregoing, it is clear the that the State of Alabama, the Alabama Department of Corrections and Staton Correctional Facility are, due to be dismissed as defendants under 28 U.S.C. § 1915A(b)(1).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the State of Alabama, the Alabama Department of Corrections, and Staton Correctional Facility be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915A(b)(1);

2. The State of Alabama, the Alabama Department of Corrections, and Staton Correctional Facility be TERMINATED as parties; and

3. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that **on or before December 28, 2022**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is further advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 12th day of December, 2022.

/s/ Charles S. Coody
**UNITED STATES MAGISTRATE JUDGE**